UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY L. WATKINS, | ) |
| Plaintiff, | ) Case No. 1:05-cv-267 |
| v. | ) Honorable Richard Alan Enslen |
| CINDI CURTIN, | ) |
| Defendant. | ) |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

### Discussion

I.  Factual allegations

Plaintiff currently is incarcerated in the Oaks Correctional Facility. In his *pro se* complaint, he sues Warden Cindi Curtin. Plaintiff challenges his designation as a "homosexual

predator." Under Michigan Department of Corrections (MDOC) policy, a prisoner is designated a homosexual predator if there is verified documentation that he used force, or the threat of force, to commit or to attempt to commit a non-consensual sexual act involving a victim of the same sex. MICH. DEP'T OF CORR., Policy Directive 05.01.150. A prisoner designated as a homosexual predator may not be classified to security level I, II or III or placed in a double-bunked cell or room.[1] Prisoners are entitled to periodic review of the designation. In addition, a prisoner designated as a homosexual predator based upon an incident which occurred five or more years in the past may make a written request to the Warden for removal of the designation.

Plaintiff, who has been designated a homosexual predator since 1998, contends that the MDOC relied upon an inaccurate pre-sentence investigation report in labeling him a homosexual predator. In a memorandum dated October 4, 2004, Warden Curtin denied Plaintiff's request to remove the label, citing Plaintiff's "extensive history of sexual assaults (4) cases involving males and females . . . ." For relief, Plaintiff seeks removal of the homosexual predator designation and an unspecified amount of monetary damages for each day that he was improperly labeled as such.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under

---

[1] In the MDOC, security classifications, from least to most secure, are as follows: Community Status, Levels I, II, III, IV, V, VI, and segregation. MICH. DEP'T OF CORR., Policy Directive 05.01.130(B) (effective Mar. 1, 2004).

color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff does not allege a specific violation of his constitutional rights, but his allegations that he has been improperly labeled as a homosexual predator implicate the Due Process Clause. However, a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Moreover, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 244 (1976). The Sixth Circuit has followed the Supreme Court's rulings in previous cases where a prisoner has challenged his homosexual predator designation. *Washington v. Weist*, No. 97-1289, 1998 WL 466555, at *2 (6th Cir. July 31, 1998); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, *1 (6th Cir. Mar. 22, 1993). Plaintiff's designation as a "homosexual predator" is nothing more than a security classification used by the prison. Because Plaintiff has no liberty interest in a particular security level or classification, he fails to state a due process claim.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

DATED in Kalamazoo, MI:  
        May 19, 2005

 /s/ Richard Alan Enslen  
RICHARD ALAN ENSLEN  
UNITED STATES DISTRICT JUDGE